**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CHARLES E. DOUGLAS,

        Petitioner,

v.                                                        Case No. 07-CV-14219

RAYMOND BOOKER,

        Respondent.
                                                     /

**OPINION AND ORDER SUMMARILY DISMISSING
PETITIONER'S HABEAS PETITION AND DECLINING
TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner Charles E. Douglas, a state inmate currently incarcerated at the Ryan Correctional Facility in Detroit, Michigan, has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the revocation of his parole. For the reasons stated below, the court will dismiss the petition without prejudice.

**I. BACKGROUND**

Petitioner states that he was arrested on February 23, 2006 and charged with possession of less than .05 grams of cocaine and possession of less than 5 grams of marijuana. On March 1, 2006, Petitioner was served with a parole violation report. The parole violation report indicated that he was charged with violating his parole on February 24, 2006. Petitioner states that he was found guilty of the parole violation on May 30, 2006.

Petitioner argues that the parole violation was illegally obtained because his parole expired on February 23, 2006, and the parole violation report listed February 24,

2006 as the parole violation date.

## II. DISCUSSION

### A. Habeas Petition

Rule 4 of the Rules Governing § 2254 cases provides that the court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott,* 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement applies to petitions challenging state parole revocation decisions. *See Brewer v. Dahlberg*, 942 F.2d 328, 337-339 (6th Cir. 1991); *Lee v. Trombley*, No. 02-72279, 2003 WL 1119913, at *4 (E.D. Mich. Feb.11, 2003). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan*, 526 U.S. at 845 (internal quotation omitted). State prisoners in Michigan must raise each claim in the Michigan

Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

In this case, Petitioner admits that he has not exhausted administrative or state court remedies. The court finds that Petitioner still has available to him a state court remedy to challenge his parole revocation proceedings.

A Michigan prisoner denying the revocation of parole may do so either by filing a complaint under Michigan's Administrative Procedures Act (APA), Mich. Comp. Laws § 24.304(1), or by filing a complaint for state habeas corpus relief. *See Penn v. Dep't of Corr.*, 298 N.W.2d 756, 757-58 (Mich. Ct. App. 1980) (noting that the MDOC is an agency for purposes of the APA and that a parole revocation proceeding is a contested case that triggers application of the APA).

The APA requires that an appeal from an agency ruling be made within 60 days of the ruling. *See* Mich. Comp. Laws § 24.304(1). It appears that Petitioner did not seek review of the Parole Board's revocation decision within 60 days of its ruling. This remedy may thus no longer be available to Petitioner. Petitioner, however, may yet file a state petition for habeas corpus relief. Under Michigan law, "there is no limitation on the time in which a complaint for habeas corpus must be filed, as long as the prisoner will be in custody at the time judgment becomes effective." *Triplett v. Deputy Warden*, 371 N.W.2d 862, 866 (Mich. Ct. App. 1985). Although a circuit court's order denying a habeas corpus complaint is not appealable as of right, the prisoner may file an original complaint in the state court of appeals. *Id.* An application for leave to appeal the court

3

of appeals's decision may be filed in the Michigan Supreme Court.  *See* M.C.R. 7.302(A)(2).

Petitioner claims that he is not required to exhaust his administrative or state court remedies.  (Pet.'s Br. at 3.)  Petitioner's reliance on *Puertas v. Overton*, 272 F. Supp. 2d 621 (E.D. Mich. 2003), to support this argument, however, is misplaced.  In that case, the court found waiver of the exhaustion requirement appropriate based upon the exceptional circumstances presented.  In that case, the petitioner was 76 years old and suffered from severe coronary artery disease and bladder cancer.  The court concluded that, in view of the petitioner's "age, grave medical condition, and mandatory, life-preserving treatment regimen," exceptional circumstances warranted waiver of the exhaustion requirement.  *Id.* at 629.  No such exceptional circumstances are presented here.  The court concludes that it plainly appears from the face of the petition that Petitioner is not entitled to habeas corpus relief.

### B.  Certificate of Appealability

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination.  *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).  In deciding to dismiss the habeas petition, the court has, of course, studied the case record and the relevant law, and concludes that it is presently in the best position to decide whether to issue a COA. *See id.* at 901 (*quoting Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *rev'd in part on other grounds,* 521 U.S. 320 (1997)) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the

4

record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the court concludes that reasonable jurists would not debate the court's conclusion that the Petitioner's claims are unexhausted and that remedies remain available in state court. Therefore, the court declines to issue a certificate of appealability.

## III. CONCLUSION

Accordingly, IT IS ORDERED that the petition for a writ of habeas corpus [Dkt. # 1] is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the court DECLINES TO ISSUE a certificate of appealability.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: October 31, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 31, 2007, by electronic and/or ordinary mail.

                                           s/Lisa G. Wagner
                                           Case Manager and Deputy Clerk
                                           (313) 234-5522